10-2237-cv
Conn. Assoc. of Health Care Facilities v. Rell, et. al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of October, two thousand and ten.

PRESENT:

> WILFRED FEINBERG,
> JOSEPH M. MCLAUGHLIN,
> JOSÉ A. CABRANES,
>> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CONNECTICUT ASSOCIATION OF HEALTHCARE FACILITIES, INC.,

> *Plaintiff-Appellant,*

> v.                                                                              No. 10-2237-cv

M. JODI RELL, GOVERNOR, STATE OF CONNECTICUT,

MICHAEL P. STARKOWSKI, COMMISSIONER OF SOCIAL SERVICES,

> *Defendant-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**           MALCOLM J. HARKINS III (James F. Segroves, *of counsel*), Proskauer Rose LLP, Washington,

1

D.C., Martha Everett Meng, Louis B. Todisco, Michael J. Donnelly, *of counsel*, Murtha Cullina LLP, New Haven, CT.

**FOR DEFENDANTS-APPELLEES:** CAROLINE M. BROWN (Jonathan G. Hardin, *of counsel*), Covington & Burling LLP, Washington, DC.

Aaron S. Bayer (Maureen Weaver, *on the brief*), Wiggin and Dana LLP, New Haven, CT, *for amicus curiae* Connecticut Association of Not-For-Profit Providers for the Aging.

Appeal from a denial of preliminary injunction by the United States District Court for the District of Connecticut (Peter C. Dorsey, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Connecticut Association of Health Care Facilities, Inc. ("plaintiff" or "CAHCF"), a not-for-profit trade association representing nursing facilities in Connecticut, appeals the denial of a preliminary injunction to stop M. Jodi Rell, Governor of Connecticut, and Michael P. Starkowski, Commissioner of Social Services, in their official capacities (jointly, "defendants") from implementing Section 32 of an amendment to Connecticut's statutory payment methodology for Medicaid-participating nursing facilities ("Section 32"), *see* 2009 Conn. Acts 09-5 (Spec. Sess.). We assume the parties' familiarity with the facts and procedural history of this action.

We review the denial of a preliminary injunction for "abuse of discretion." *See, e.g., Alleyne v. N.Y. State Educ. Dep't*, 516 F.3d 96, 100 (2d Cir. 2008). A district court has abused its discretion if it has (1) "based its ruling on an erroneous view of the law," (2) made a "clearly erroneous assessment of the evidence," or (3) "rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks omitted); *cf. United States v. Hasan*, 586 F.3d 161, 167-69 (2d Cir. 2009) (explaining "abuse of discretion").

"We have recognized two separate standards for whether a district court may grant a preliminary injunction." *Lynch v. City of New York*, 589 F.3d 94, 98 (2d Cir. 2009).

> In general, the district court may grant a preliminary injunction if the moving party establishes (1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair

2

ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.

*Plaza Health Labs., Inc. v. Perales*, 878 F.2d 577, 580 (2d Cir. 1989) (citation omitted).  We have also held that:

> [W]here the moving party seeks to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme, the district court should not apply the less rigorous fair-ground-for-litigation standard and should not grant the injunction unless the moving party establishes, along with irreparable injury, a likelihood that he will succeed on the merits of his claim.

*Id.*  Because the moving party in this case seeks to stay action by the State of Connecticut under Medicaid regulations, we look to see whether the District Court properly found that the moving party did not establish the possibility of irreparable harm and likelihood of success on the merits.

In its well-reasoned ruling, *see Conn. Ass'n of Health Care Facilities, Inc. v. Rell*, No. 3:10-CV-136, 2010 WL 2232693 (D. Conn June 3, 2010), the District Court explained that the "equal access provision" of the Medicaid Act, 42 U.S.C. § 1396a (a) (30)(A), does not impose procedural requirements on states and instead only mandates a substantive outcome.  Because there is no procedural requirement under the "equal access provision," and plaintiff has not shown irreparable harm through the implementation of Section 32, plaintiff's motion for a preliminary injunction was properly denied.

## CONCLUSION

We therefore hold, for substantially the same reasons as the District Court, that the judgment of the District Court is **AFFIRMED**.  The mandate shall issue forthwith.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

3